IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                              4:14-CR-3104

vs.

GABRIEL ALONSO RUELAS-LUGO,                    TENTATIVE FINDINGS

                    Defendant.

The Court has received the presentence investigation report (PSR) in this case. The defendant has objected to the PSR. Filing 28.

IT IS ORDERED:

1.    The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)    give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)    resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.      The defendant has objected to the PSR. Filing 28. Specifically, the defendant objects to the probation officer's recommendation that he be denied safety valve relief, pursuant to U.S.S.G. § 5C1.2, as well as the resulting two-level reduction in the offense level pursuant to U.S.S.G. § 2D1.1(b)(16). PSR at ¶ 33. There are five statutory requirements for safety-valve eligibility, and it is undisputed that defendant meets the first four. *See* 18 U.S.C. § 3553(f)(1)-(4). The issue is whether the defendant has satisfied the fifth requirement, which provides that not later than the time of the sentencing hearing, the defendant must have truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. 18 U.S.C. § 3553(f)(5). The government maintains that while the defendant participated in a proffer interview, he did not make a full and truthful disclosure. PSR at ¶ 33. The Court will resolve this matter at sentencing. In doing so, the Court will be mindful of the fact that it is the defendant's burden to show affirmatively that he has satisfied each requirement for the safety valve, including whether he has provided truthful information to the government. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005).

3.      Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.      If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 9th day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge