IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>GABRIEL ALONSO RUELAS-LUGO,<br><br>　　　　　　　Defendant. | 4:14-CR-3104<br><br>ORDER |

　　　This matter is before the Court on the defendant's pro se motion for reconsideration. Filing 46. The defendant's motion pertains to the Court's July 2016 Order (filing 45), in which the Court granted in part the defendant's motion to return property pursuant to Fed. R. Crim. P. 41(g). The property at issue, which was allegedly seized during the defendant's arrest, includes a wallet and a gold necklace. *See* filing 45. The defendant now claims that the Lincoln Police Department auctioned his gold necklace and destroyed his wallet (among other items). Filing 46. Accordingly, the defendant seeks reimbursement from the Lincoln Police Department in the amount of $5,000.

　　　Under the Criminal Justice Act, the Court may appoint counsel to a financially eligible person in a matter that is ancillary to his or her criminal proceeding. *See* 18 U.S.C. § 3006A. In determining whether representation is appropriate, the Court should consider, among other things, whether the appointment of counsel will "effectuate the return of real or personal property belonging to the CJA client which may be subject to a motion for return . . . under Fed. R. Crim. P. 41(g)[.]" 7A *Guide to Federal Judiciary Policy* § 210.20.30(c)(6).

　　　The Court determines that the assistance of counsel is reasonably necessary to accomplish this objective, and accordingly, will direct Thomas R. Lamb, the defendant's CJA attorney in the underlying criminal proceeding, to resume representation of the defendant on the matter addressed in filing 46, and after consultation with his client, to present his claim for damages as counsel deems appropriate.[1]

---

[1] When a district court conducting a Rule 41 proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant an opportunity to assert an alternative claim for money damages. The court

IT IS ORDERED:

1. Thomas R. Lamb shall continue his representation of the defendant regarding the matter addressed in filing 46.

2. The defendant's *pro se* motion to reconsider (filing 46) is denied without prejudice to reassertion of the underlying claim for damages in a subsequent motion.

3. The Clerk of the Court shall provide defendant's counsel with copies of filing 39, filing 41, filing 42, filing 43, filing 44, filing 45, and filing 46.

4. The Clerk of the Court shall mail a copy of this order to the defendant at his last known address.

Dated this 24th day of January, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

also retains equitable jurisdiction under Rule 41 to resolve issues of fact that may help to determine whether such an alternative claim is cognizable. *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001); *see*, *United States v. Bailey*, 700 F.3d 1149, 1152-53 (8th Cir. 2012); *Jackson v. United States*, 526 F.3d 394, 398 (8th Cir. 2008). And under Rule 41, the United States is responsible for property that is considered as evidence in a federal trial even if it is in the actual possession of state officials. *Bailey*, 700 F.3d at 1153.