IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3104 |
| vs. | |
| GABRIEL ALONSO RUELAS-LUGO, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's "subsequent motion to reassertion of the alternate and underlying claim for money damages." Filing 50. The Court will set the matter for an evidentiary hearing.

This dispute arises from the defendant's May 16, 2016 motion to return property under Fed. R. Crim. P. 41(g). Filing 39. In that motion, the defendant sought the return of certain personal belongings, including a wallet and gold chain, which were in the custody of the Lincoln Police Department. Filing 39 at 1. This Court, in a July 18 Memorandum and Order, granted the defendant's motion in part, authorizing the Lincoln Police Department to release the property to Etelvina Avitia-Vizcarra. *See* filing 45 at 2. When Avitia-Vizcarra attempted to retrieve the items, however, she was allegedly informed that the gold necklace had been auctioned and the wallet destroyed. Filing 46. Upon learning that news, the defendant filed a motion seeking $5,000.00 in reimbursement. Filing 46. That motion was denied on procedural grounds, but the defendant was appointed counsel to pursue his claim through a subsequently filed motion. Filing 47.

The defendant now seeks reimbursement under the Little Tucker Act, 28 U.S.C. § 1346 *et seq.*, arguing that the government "destroyed and

auctioned" his property without notice. Filing 50 at 10. The government opposes that motion, claiming that the defendant has provided "insufficient facts to justify a finding that any of his allegations regarding the disposition of the sought after property are accurate." Filing 51 at 1. To that end, the government challenges the factual premise of the defendant's claim, suggesting that the property may not have been auctioned or destroyed in the manner alleged. *See* filing 51.

Money damages are not available under Rule 41 when the government has lost or destroyed a defendant's property. *See U.S. v. Hall*, 269 F.3d 940, 942-43 (8th Cir. 2001). However, a Rule 41 motion does not become moot simply because the property is no longer retrievable. *Id.* at 942. Rather, the Court must allow the moving party an opportunity to convert his Rule 41 motion into a civil claim for damages. *U.S. v. Bailey*, 700 F.3d 1149, 1152-53 (8th Cir. 2012); *see Hall*, 269 F.3d at 943. The Court retains equitable jurisdiction under Rule 41(g) to resolve issues of fact that may help to determine whether such an alternative claim is cognizable. *See United States v. Chambers*, 192 F.3d 374, 378 (3d Cir. 1999).

Here, an noted above, the defendant purports to have converted his Rule 41 motion for the return of seized property into a civil claim for damages under the Little Tucker Act. But neither the defendant nor the government has presented any evidence regarding the status or whereabouts of the seized items. In other words, it is not clear from the record whether the items were auctioned or destroyed, as the defendant contends, or if they remain in police custody, as the government suggests.

The question of remedies under these circumstances should arise "only after the district court has investigated the status of seized property." *Peloro v. United States*, 488 F.3d 163, 177 (3d Cir. 2007) (quoting *U.S. v. Albinson*,

356 F.3d 278, 283 (3d Cir. 2004)). If the property turns up in the government's possession, then it may be returned pursuant to this Court's July 18 Memorandum and Order, thereby mooting the defendant's motion for money damages.[1] *See* filing 45. If, however, the items were lost or destroyed, then the Court must "determine what happened to the property." *Peloro*, 488 F.3d at 177 (internal quotation marks omitted). And if the Court concludes from that inquiry that the government acted improperly, then—and only then—shall it "determine what remedies are available." *Chambers*, 192 F.3d at 378; *U.S. v. Wilson*, 2001 WL 521446, at *2 (8th Cir. 2001).

For those reasons, the Court cannot, rule on the merits of the defendant's motion for money damages without an evidentiary hearing.

> IT IS ORDERED that the parties are directed to confer and on or before November 20, 2017, contact the undersigned's courtroom deputy to set an evidentiary hearing on the status of the defendant's seized possessions.

Dated this 6th day of November, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] Unless, of course, the government "justif[ies] its continued possession of the property by demonstrating that it is contraband or subject to forfeiture." *Wilson,* 2001 WL 521446, at *2; *see Chambers,* 192 F.3d at 377 (burden shifts to government when criminal proceedings have terminated).