IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3104 |
| vs. | |
| GABRIEL ALONSO RUELAS-LUGO, | ORDER |
| Defendant. | |

    At the center of this dispute is a gold necklace previously owned by the defendant, Gabriel Alonso Ruelas-Lugo. In 2014, law enforcement officials seized the necklace (and other personal items) while booking the defendant into the Lancaster County Jail. Filing 54. Two years later, when the defendant sought the return of his property, he was informed that the necklace had been auctioned, and other personal items destroyed. The defendant now seeks monetary damages from the United States for the loss or destruction of his property. Filing 50. For the reasons discussed below, the defendant's motion will be granted in part, and denied it in part, and this matter will be (upon joint motion of the parties) set for an evidentiary hearing.

    The parties' dispute began in 2016, when the defendant filed a motion to return property under Fed. R. Crim. P. 41(g). Filing 39. That rule provides an avenue for criminal defendants to obtain property that the government has lawfully (or unlawfully) seized from the defendant's possession. In his motion, the defendant sought the return of his gold necklace—"which cost is over $5,000 dollars"—and his wallet, which contained certain personal belongings. *See* filing 39 at 4-5. The Court granted that motion in part (filing

45), authorizing the Lincoln Police Department to release the property to Etelvina Avitia-Vizcarra.

When Avitia-Vizcarra arrived at the police station to retrieve the items, however, she was informed that the gold necklace had been auctioned and the wallet destroyed. Filing 46. So, the defendant filed a separate motion, also under Rule 41(g), seeking reimbursement from the government in the amount of $5,000.00. Filing 46. The Court denied that motion because, as the Eighth Circuit Court of Appeals has established, Rule 41 does not provide for money damages when the government loses or destroys personal property. *United States v. Hall*, 269 F.3d 940, 942-43 (8th Cir. 2001).

But the Court also recognized that a Rule 41 motion does not become moot simply because the property is no longer retrievable. *Id.* Rather, "when a court determines that the government no longer possesses the property whose return is sought, it should grant the movant an opportunity to assert an alternative claim for money damages." *United States v. Bailey*, 700 F.3d 1149, 1152-53 (8th Cir. 2012) (cleaned up). The defendant was granted that opportunity (filing 47), and in May 2017, he filed this motion, seeking monetary damages under the Little Tucker Act. Filing 50.

The Tucker Act confers jurisdiction in the Court of Federal Claims over any claim against the United States for money damages "founded either upon the Constitution, or any Act of Congress[.]" 28 U.S.C. § 1491(a)(1). The Little Tucker Act confers concurrent jurisdiction upon district courts when the damage claim is $10,000.00 or less. *See* 28 U.S.C. § 1346(a)(2). These statutes, however, create no substantive rights for money damages enforceable against the United States. Rather, "the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the

damage sustained." *United States v. Mitchell*, 463 U.S. 206, 216-217 (1983) (internal quotations omitted).

The Little Tucker Act is implicated in this case because, as both parties acknowledge, the defendant seeks less than $10,000.00 in money damages from the United States. *See* filing 50 at 10. Less clear, however, is the source of substantive law on which that claim relies. Indeed, the defendant cites the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346 *et seq.*, which waives the United States' sovereign immunity for certain torts committed by federal employees. *See* filing 50 at 4. But exempted from the FTCA's waiver of sovereign immunity is any claim arising from the "detention of any goods, merchandise, or other property by any . . . law enforcement officer[.]" 28 U.S.C. § 2680(c); *see Kosak v. United States*, 465 U.S. 848, 854 (1984). And as the government correctly points out, this case falls squarely within that exception. Filing 50; *see United States v. Norwood*, 602 F.3d 830, 833 (7th Cir. 2010); *Adeleke v. United States*, 355 F.3d 144, 153-54 (2d Cir. 2004). Accordingly, to the extent the defendant seeks monetary damages under the FTCA, his request will be denied.

But the Court also construes the defendant's filings as alleging a takings claim under the Fifth Amendment to the U.S. Constitution, which provides in relevant part: "nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V, cl. 4. And that claim fares better because, as several courts have acknowledged, a takings claim "gives rise to jurisdiction under the Tucker Act." *AmeriSource Corp. v. United States,* 75 Fed. Cl. 743, 747 (2007), *aff'd*, 525 F.3d 1149 (Fed. Cir. 2008); *see Parkridge Investors Ltd P'ship v. Farmers Home Admin*, 13 F.3d 1192, 1200 (8th Cir. 1994) ("an individual claiming that the United States has taken property can seek just compensation under the Tucker Act[.]"); *Adeyi v.*

*United States*, 2008 WL 793595, at *7 (E.D.N.Y. 2008) (collecting cases). Thus, the defendant will be allowed to pursue his claim on those grounds.

That is not to say, however, that the defendant has *proven* an entitlement to just compensation. That would require a showing that the property, or proceeds resulting therefrom, was taken for "public use." U.S. CONST. amend. V, cl. 4. And that, in turn, would presumably require evidence (1) disconnecting the necklace from the crime of arrest, *see Kam-Almaz v. United States*, 682 F.3d 1364, 1371 (Fed. Cir. 2012); and (2) tying the proceeds from the auction to some public good. Further, assuming the "public use" element is satisfied, the defendant must prove the amount of compensation due. The Court assumes that such compensation, if warranted here, would be equal to the amount the government received at auction.

That is a tall order. But it is one that the Court can, and will, explore after further discussions between the parties. *Bailey*, 700 F.3d at 1152-53; *United States v. Chambers*, 192 F.3d 374, 378 (3d Cir. 1999). To that end, the parties will be ordered to contact the Magistrate Judge within two weeks of the Court's issuance of this Order to schedule an in-chambers planning conference. There, the parties shall (1) identify the information and documentation within their possession that is, or may be, relevant to the defendant's underlying claim for just compensation; and (2) in the event that certain information or documentation is not readily accessible, develop a plan to secure it to the extent reasonably possible.

The information shared and exchanged at that meeting (or in subsequent discussions) will form the basis of an evidentiary hearing before the undersigned, which the Court will schedule upon joint motion of the parties. That hearing will focus *only* on the requirements set forth above: (1) whether the proceeds were used for "public use"; and (2) if so, the amount of

just compensation due. The defendant may be present if there is eventually an evidentiary hearing; however, he need not—and should not—be transported to Nebraska for the parties' planning conference.

As a final matter, it appears from the parties' joint stipulation that several items of the defendant's property, including his wallet, remain in the custody of the Lincoln Police Department. Filing 54 at 2. As set forth in the stipulation, the defendant (through a designee) is encouraged to pick up those items "upon notice to the LPD Property Room." Filing 54 at 2.

CONCLUSION

Therefore, the Court will deny the defendant's motion to the extent that he seeks monetary damages from the United States under the FTCA. The Court will allow the defendant, however, to pursue his claim for just compensation under the Takings Clause. With respect to that claim, the parties shall, within two weeks of the Court's issuance of this order, schedule a planning conference with the Magistrate Judge. At the conclusion of that meeting, and after necessary preparation, the parties shall file a join motion for an evidentiary hearing. The motion shall include a brief synopsis of the disputed issue(s) to be addressed at the hearing.

IT IS ORDERED:

1. The defendant's "Subsequent Motion to Reassertion of the Alternate and Underlying Claim for Money Damages" (filing 50) is granted in part, and denied in part, as set forth above.

2. Thomas R. Lamb shall continue his representation of the defendant regarding the matters addressed in this Order.

3. The parties shall contact the Magistrate Judge on or before June 4, 2018 to schedule a planning conference regarding the exchange of relevant information and documentation.

4. After the parties' planning conference, and after necessary preparation, the parties shall file a joint motion for an evidentiary hearing before the undersigned. The motion shall set forth any and all contested matters to be addressed at the hearing. If a joint motion is not filed by August 1, 2018 the Court will set an evidentiary hearing without further notice to the parties.

5. The Clerk of the Court is ordered to set a case management deadline for August 1, 2018 with the following docket text: check for joint motion on evidentiary hearing.

Dated this 21st day of May, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge