IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL ALONSO RUELAS-LUGO,<br><br>Defendant. | 4:14CR3104<br><br>**FINDINGS AND RECOMMENDATION** |

Pending before the court is Defendant's claim for money damages, ([Filing No. 50](#)), and the United States' motion to dismiss. ([Filing No. 71](#)). Defendant claims that when he was arrested, his gold braided necklace was taken from him during booking at the jail, it was later sold at auction without his consent, and he is entitled to recover money damages from the United States for this loss. The United States moves to dismiss, arguing "Defendant has been provided with monetary compensation by the Lincoln Police Department in an amount equivalent to the amount of money received by the Lincoln Police Department from the sale of Defendant's necklace at auction." ([Filing No. 71](#)).

Judge Gerrard referred Defendant's motion to the undersigned magistrate judge for findings and a recommendation. An evidentiary hearing was held on September 20, 2018. Defendant participated by telephone with the assistance of the court's interpreter. His court-appointed counsel was present in the courtroom. In addition to Defendant, the court received testimony from Pamela Fittje, manager of the property unit of the Lincoln Police Department. Exhibits 1 through 19 were received into evidence without objection, and at Plaintiff's unopposed request, the court took judicial notice of all filings in Defendant's criminal case. At the close of

the hearing, the court requested post-hearing briefing. All such briefing has been filed. The case is now fully submitted.

For the reasons explained below, I recommend that Defendant's motion for compensation be denied.

FACTUAL FINDINGS

"On September 11th of 2014, the defendant made two approximately two-ounce deliveries of what was represented to be methamphetamine to an undercover police officer." (Filing No. 27, at CM/ECF pp. 21-22). He was arrested on September 14, 2014 and was booked into the Lancaster County Jail at 3:39 a.m. on September 15, 2014. (Filing No. 55, at CM/ECF p. 3).

At the time of his arrest, Defendant was wearing a gold necklace. During booking at the jail, the necklace was removed from Defendant's person, and a Lincoln police officer delivered it to the property unit for the City of Lincoln, Nebraska ("City"). The necklace was not held as evidence of any crime.

A federal indictment was filed against Defendant on September 16, 2014, with a federal arrest warrant issued that same day. The federal warrant was executed on September 17, 2014. (Filing No. 7). Defendant appeared at his initial appearance in federal court on September 19, 2014. (Filing No. 8). He was then federally detained pending trial on the federal charges. (Filing No. 11).

On September 22, 2014, the City began the process of returning the personal property it received from Defendant during booking, including the gold necklace at issue. The City has a federal database to search for defendants

serving a sentence in a federal prison, but since Defendant was still awaiting trial on the federal case, his name and custodial address did not appear in that database. Therefore, the City sent a letter to Defendant at his last known address regarding his right to claim his property. This letter was returned undeliverable on October 15, 2014. (Filing No. 55, at CM/ECF p. 4).

As of the summer of 2015, Defendant's gold necklace remained unclaimed, so the City posted it for sale by online auction. The necklace was sold in July of 2015 for $1,120.00. Of that amount, after sale costs were paid, the City received $569.34. (Filing No. 55, at CM/ECF pp. 5; 73-3; 73-4). The $569.34 was deposited in the City's treasury.

In the summer of 2016, Defendant demanded return of his gold necklace. Counsel for the United States sent emails to the City to locate the necklace, but the necklace had been sold.

On September 12, 2018, the City paid the net amount it received for the necklace, $569.34, to Defendant. (Filing No. 73-2). Defendant believes additional compensation is owed. Defendant received the necklace in 2011 as a gift. He claims the necklace confiscated at booking was worth $5,000 based on the price of similar necklaces he saw in a jewelry store in late 2012, prices he saw in catalogs, and taking the weight of the necklace (54 grams) times $100 per gram, the price of gold in 2012 and 2013. Defendant presented no evidence of the price of gold in September of 2014, when the necklace was placed in the City's property unit, or during the summer of 2015, when the necklace was sold.

## ANALYSIS

Under Judge Gerrard's prior opinion, (Filing No. 60), the sole issue before the undersigned magistrate judge is whether Defendant is entitled to recovery from the United States under the Takings Clause. The Fifth Amendment prohibits the taking of "private property . . . for public use, without just compensation." U.S. Const. amend. V, cl. 4. A party asserting a claim for compensation under the Takings Clause bears the burden of proving he held a cognizable property interest which was taken for a public purpose. Alimanestianu v. United States, 888 F.3d 1374, 1380 (Fed. Cir. 2018).

A classic taking occurs when government takes "possession and control" of property, whether real or personal, "for its own use." Horne v. Dep't of Agric., 135 S. Ct. 2419, 2425, 192 L. Ed. 2d 388 (2015). "[S]uch an appropriation is a per se taking that requires just compensation." Horne, 135 S. Ct. at 2426. "[J]ust compensation normally is to be measured by 'the market value of the property at the time of the taking.'" Horne v. Dep't of Agric., 135 S. Ct. 2419, 2432 (2015) (citing United States v. 50 Acres of Land, 469 U.S. 24, 29 (1984) (quoting Olson v. United States, 292 U.S. 246, 255 (1934)).

Here, the United States moves to dismiss, arguing Defendant cannot prevail because he has already received the City's net proceeds from selling the necklace. Simply stated, the United States argues Defendant has already received just compensation for the necklace. Under the Takings Clause, a property owner "is entitled to be put in as good a position pecuniarily as if his property had not been taken.. . ." Id. (quoting Olson v. United States, 292 U.S. 246, 255 (1934)).

Defendant claims the necklace was worth $5,000 based on his evaluation of its cost in 2012 and 2013. But the necklace was not in the city's possession until September of 2014 and it was not sold until the summer of 2015. The price of gold is not stable—like all commodities, its value changes with the markets. Defendant presented no evidence regarding the price of gold "at the time of the taking," and therefore presented no persuasive evidence of the necklace's market value at the time of the taking. Horne v. Dep't of Agric., 135 S. Ct. 2419, 2432.

Rather, based on the evidence before the court, the market value of the necklace at the time of the taking was the price a willing buyer paid to the City by online auction, $1,120.00. The United States argues the market value of the necklace is the net amount Defendant has already received from the City, $569.34. The United States argues Defendant has therefore received "just compensation" for any government taking of the necklace and therefore Defendant's case must be dismissed.

But under the Takings Clause, "a property owner 'is entitled to be put in as good a position pecuniarily as if his property had not been taken.. . .' " Id. (quoting Olson v. United States, 292 U.S. 246, 255 (1934)). Here, Defendant's necklace was not a commodity that Defendant would no doubt sell in the future, (e.g., grain, livestock, etc). Rather, the necklace was a gift from Defendant's brother, and at the time of the taking, Defendant did not intend to sell it. There is no evidence that had the necklace remained in Defendant's hands, its market value at the time of the taking was the net proceeds from selling the necklace; that is, the selling price minus the anticipated cost of selling it.

As such, the market value of the Defendant's necklace at the time of the taking was $1,120.00. The City has tendered only $569.34 of that amount. The

City's "net proceeds" payment is only partial compensation, not "just compensation," for the loss of a necklace with a $1,120.00 market value. Defendant's case is not subject to dismissal because he already received $569.34 from the City. The United States' motion to dismiss based on a claim that just compensation has already been paid should be denied.

However, the United States is liable for only its own takings, not those of the City. Here, the federal charges and warrant did not exist at the time of Defendant's arrest and his booking into the Lancaster County Jail. Based on the evidence before the court, the United States never had control or possession of Defendant's gold necklace. There is no evidence the City was working in conjunction with or on behalf of the United States when Defendant was arrested and the necklace was confiscated by the Lincoln police, or that the United States suggested or participated in selling the necklace. Under the facts presented, any taking of the necklace, if any, was committed solely by the City. Since the United States never took "possession and control" (see Horne, 135 S. Ct. at 2425) of Defendant's necklace, and the United States did not sell it, it cannot be responsible for Defendant's claim under the Takings Clause. See also, United States v. White, 718 F.2d 260, 261 (8th Cir. 1983) (holding that under Rule 41, since the United States does not possess Defendant's property, it cannot be ordered to return his property); United States v. Carrillo-Castellon, No. 4:11CR3086, 2012 WL 4753375, at *1 (D. Neb. Oct. 4, 2012) (Gerrard, J.) (holding the United States is not responsible for returning property confiscated by the City at booking that the United States never possessed).

Moreover, the proceeds from selling the necklace went into only the City's treasury: The United States received nothing. Even assuming depositing the sale proceeds into the City treasury was for a "public purpose," there is no evidence

6

this money benefitted, or was used by, the federal government. Connolly v. Pension Ben. Guar. Corp., 475 U.S. 211, 225 (1986) (holding no taking by the United States where the federal government did not physically invade or permanently appropriate anything for its own use). Defendant has failed to prove the United States converted Defendant's necklace for the United States' use.

Defendant has failed to prove the United States converted—that it took, possessed, controlled, or sold--Defendant's gold necklace for the United States' public use. As such, the undersigned magistrate judge finds Defendant is not entitled to compensation for the necklace from the United States under the Takings Clause.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that:

1)  The United States' motion to dismiss arguing Defendant has already received "just compensation," (Filing No. 71), should be denied; and

2)  Defendant's motion seeking compensation from the United States under the Takings Clause, (Filing No. 50), should be denied.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 5th day of November, 2018.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge